## Pittsburgh and Steubenville Railroad Company
### *versus* Hall *et al.*

The assessment of damages occasioned to a tract of land by the building of a railroad, on the petition of several joint owners, is properly made in a gross sum.

It is no objection to the validity of the proceedings, that the viewers did not apportion the damages among the claimants according to their respective interests in the land.

CERTIORARI to the Common Pleas of *Allegheny county.*

On the 27th day of January, 1855, James W. Hall, Margaret Hall his wife (late Margaret Ewing), John Ewing, and Elizabeth Woods, the two former being the children, and the latter the late widow of John Ewing, deceased, now intermarried with Stephen Woods, presented their petition to the Court of Common Pleas of Allegheny county, alleging they were the owners of a tract of land in said county, and that the railroad company had entered upon and appropriated a portion of the said land for the purposes of their road. On the same day the Court appointed viewers, and on the 1st of March following, the report was filed, finding for the petitioners $1500 damages.

To this report the railroad company filed exceptions, one of which was to the effect, that the viewers had made no apportionment of the damages among the petitioners, according to their several interests in the land. These exceptions were overruled, and the report of the viewers confirmed.

The only exception pressed in this Court, was the one above stated.

*Todd* and *Smith*, for plaintiffs in error.—The claims of the complainants are distinct and distributive, and not collective and aggregate, and the finding of the viewers should correspond: 1 *Harris* 500; 7 *Watts* 33; 5 *Wheat.* 394; 3 *W. & Ser.* 464.

*Hall* and *Woods*, contrà.—The viewers assess the damages if there is any contest as to the distribution between the parties. A payment of the amount assessed would exonerate the company: 1 *Harris* 500. It is not necessary to set forth the title of the parties. The petitioners were bound to make out their title before the viewers, and in the absence of contrary proof, it will be presumed that they have done so: 7 *W. & Ser.* 236.

The opinion of the Court was delivered by

BLACK, J.—All the exceptions in this case are abandoned ex-

cept one.  That one is, that the viewers did not apportion and divide the damages among the different claimants, according to their respective interests in the land laken.  This is nothing.  If the railroad company pays these damages, it matters not to it how they may be divided among those entitled.

Judgment affirmed.